HATLAND, Respondent, v. EGAN, Appellant.

(155 N. W. 3.)

(File No. 3811.   Opinion filed December 1, 1915.   Rehearing denied.)

**Pleadings—Demurrer—Insane Person—Complaint by Guardian—Contract by Incompetent—Necessity of Alleging Plaintiff's Disaffirmance.**

> In a suit by a guardian on behalf of a mentally incompetent person, based upon alleged contracts between defendant and the incompetent, by which the latter gave secured notes and paid money to defendant through wrongful influence and fraud of the defendant, held, that a demurrer to the complaint on the ground that it failed to allege disaffirmance by plaintiff or his incompetent, of the contracts, was not sustainable; that the allegation that due demand was made, by the guardian before suit, for satisfaction of the note and mortgage and for return of the money, was an act of disaffirmance of the contract.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Jacob Hatland, an incompetent, by Thomas Wangsness, guardian, against Geo. W. Egan, for cancellation of a contract and repayment of money paid by plaintiff's incompetent to defendant. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Geo. W. Egan,* Appellant pro se.

*Parliman and Parliman,* for Respondent.

Appellant cited:

Hoke v. Applegate, 88 Ind. 530; Brown v. Cory, (Kans.) 59 Pac. 1097; Rhoades v. Fuller, (Mo.) 40 S. W. 760.

Respondent cited:

Civ. Code, Sec. 20; Elliott on Contracts, Vol. 1, Sec. 383.

McCOY, P. J.   In this case defendant interposed a general demurrer to plaintiff's complaint.   The demurrer was overruled, and defendant appeals.   In substance, the complaint alleged that one Hatland, on the 16th day of February, 1915, was duly adjudged by the county court of Minnehaha county to be mentally incompetent to manage his business affairs, and that said county court duly appointed the plaintiff guardian of the person and

estate of said Hatland; that on the 30th day of January, 1915, and for a long time prior thereto, said Hatland was the sole owner of two certain quarter sections of land, one of which parcels of land was situated in Minnehaha county, and the other in the state of North Dakota, and was also the owner of certain personal property of considerable value consisting of cash, notes and accounts, and other articles; that while said Hatland was mentally incompetent to manage and control, incumber or dispose of his property, and while defendant well knew such mental condition of said Hatland, the defendant, on January 30, 1915, taking advantage of the mental condition of said Hatland for his own purpose, gain, and benefit, did wrongfully influence and procure him, without any consideration therefor, to sign and deliver to defendant a note for $1,000, and a mortgage for said sum upon the said real estate situated in Minnehaha county; that at the same time and place, further taking advantage of the said mental condition of said Hatland, and well knowing such condition, for his own purposes, gain, and benefit, the defendant did wrongfully influence and procure said Hatland, without any consideration therefor, to transfer and deliver to defendant money to the amount and value of $275; that defendant, knowing the helpless condition of said Hatland, obtained said mortgage and money fraudulently and wrongfully; that prior to the commencement of this action on February 27, 1915, the plaintiff duly demanded in writing of defendant that defendant execute to said Hatland and deliver to plaintiff, as guardian of his person and estate, a satisfaction of said note and mortgage, and that defendant deliver to plaintiff, as such guardian, the said $275 in money so received by him from said Hatland; but that defendant has failed and neglected to comply with any of the requirements of said demand. Wherefore, etc.

It is the contention of appellant that the said complaint is insufficient, in that it contains no allegation that said Hatland himself, or plaintiff, as guardian for him, disaffirmed the contract made by said Hatland with defendant; the rule of law being that before a party holding such a contract can be subjected to litigation he must have an opportunity to correct the evil with costs. We are of the opinion that this contention is untenable. We are of the view that the service of the written demand alleged in the

complaint was an act of disaffirmance of the alleged contracts, and which gave to defendant ample opportunity to correct the alleged evils.

The order appealed from is affirmed.